# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF OHIO

### WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH FRASURE. individually and as Co-Administrator Joe Frasure Estate | ) ) ) ) | CASE NO. |
| LISA FISHER, individually and as Co-Administrator Joe Frasure Estate, deceased, | ) ) ) ) ) | JUDGE<br><br>MAGISTRATE |
| Plaintiffs, | ) ) ) ) | |
| vs.<br>CITY OF WYOMING and, CITY OF WYOMING POLICE OFFICER DREW JONES, JORDAN BATTS, RYAN WARMACK | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Joseph Frasure and Lisa Fisher, individually and as Co-Administrators of the Estate Joe Lewis, deceased, for their Complaint against Defendants City of Wyoming and Wyoming Police Officers Drew Jones, Jordan Batts, and Ryan Warmack, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)- because Plaintiffs assert claims arising under the laws of the United States including

1

42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 111367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## **INTRODUCTION**

This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' son, Joe Frasure ("DECEDENT"), on January 30, 2023, and excessive force to Joseph Frasure.

## **PARTIES**

1. At all relevant times, Decedent JOE FRASURE was an individual residing in the City of Lawrenceburg, Indiana.
2. Plaintiffs JOSEPH FRASURE(FRASURE) and LISA FISHER (FISHER) are individuals residing in the City of Lawrenceburg, Indiana and are the biological parents of DECEDENT. FRASURE and FISHER sue both in their individual capacity as the parents of DECEDENT and in a representative capacity as Co-Administrators of DECEDENT'S Estate pursuant to Ohio Civil Rule 17.

FRASURE AND FISHER seek both survival and wrongful death damages under federal and state law.

3. Plaintiff FRASURE also has a claim against DEFENDANTS for excessive force under federal law and seeks compensatory, punitive, and exemplary damages.

4. At all relevant times, Defendant CITY OF WYOMING ("CITY") is and

was a municipal corporation existing under the laws of the State of Ohio. CITY is a chartered subdivision of the State of Ohio with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Wyoming Police Department ("WPD") and its agents and employees.

5. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the WPD and its employees and agents complied with the laws of the United States and of the State of Ohio.

6. At all Relevant times, CITY was the employer of Defendants DREW JONES (JONES), JORDAN BATTS (BATTS) and RYAN WARMACK (WARMACK). Defendants JONES, WARMACK AND BATTS are police officers for WPD. JONES, WARMACK and BATTS were acting under color of law within the course and scope of their duties as officers for the WPD at all relevant times. Also at all relevant times, JONES, WARMACK and BATTS were acting with the complete authority and ratification of their principal, Defendant CITY.

7. On information and belief, BATTS, WARMACK and JONES were residents of Hamilton County, Ohio..

8. In doing the acts, failing, and omitting to act as hereinafter described,

Defendants JONES,WARMACK and BATTS were acting on the implied and actual permission and consent of the CITY.

9. At all times mentioned herein, JONES,WARMACK and BATTS were agents of

CITY who had the legal duty to oversee and supervise the hiring, conduct, and employment of JONES,WARMACK and BATTS.

10. All of the acts complained of herein by Defendants JONES,WARMACK and

3

BATTS against Plaintiffs were done and performed as authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity of Defendant CITY. Moreover, Defendant CITY ratified all of the acts of agents complained of herein.

11. JONES, WARMACK and BATTS are sued in their individual capacity.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

12. Plaintiffs FRASURE and FISHER repeats and re-alleges each and every allegation in paragraphs 1 through 11 of this Complaint with the same force and effect as if fully set forth herein.

13. On January 6, 2023, DECEDENT'S grandmother died and, subsequently, FISHER and DECEDENT'S uncle went to the WPD to state, among other things, the family would be cleaning out their mother's apartment located on Durrell in Wyoming, Ohio.

14. On January 29, 2023, WPD observed the DECEDENT, his van, FRASURE, FISHER and other family members outside DECEDENT'S grandmother's apartment on Durrell.

15. On January 30, 2023, Wyoming resident, Jerome Guest, called a WPD nonemergency line which dispatched to the Hamilton County Communication Center to report that a light was on, in a vacant building and he saw the silhouette of people.

16. On January 30, 2023, at approximately 12 a.m., DECEDENT and FRASURE, were riding down Durrell and saw DECEDENT'S sister's car parked outside

grandmother's apartment on Durrell. DECEDENT and FRASURE went inside the apartment to assist DECEDENT'S sister with the cleaning out of the apartment per the request and knowledge of the Landlord.

17. January 30, 2023, three WPD officers arrived at the Durrell building and JONES, WARMACK and BATTS had their guns drawn, as DECEDENT and FRASURE were exiting the rear of the building. The officers did not identify themselves and BATTS was shining a light on DECEDENTS' face. See Exhibit A, Expert Report, page 16 attached.

18. Unarmed, DECEDENT got in his van to drive away from officers, blowing the horn, when JONES and BATTS, under color of law and in the course and scope of their duties fired their weapons thereby using excessive force against DECEDENT, fatally wounding DECEDENT in the back of the head. *See* Exhibit A, Expert Report, page 22 attached.

19. AT all times, FRASURE was outside the van, with his hands in the air and, after fatally wounding DECEDENT, BATTS pointed a 9mm semi-automatic pistol at FRASURE'S head and told FRASURE to get on the ground or he (BATTS) will shoot him (FRASURE) thereby using excessive force against FRASURE. *See* Exhibit A, Expert Report, page 16 attached.

20. In emotional pain of seeing his son gunned down, fear and shock, FRASURE ran, flagged down a police cruiser and got in the back of the cruiser.

21. At no time did DECEDENT and FRASURE pose an immediate threat of death or serious bodily injury to themselves or to anyone else, including

JONES, BATTS, and JORDAN.

22. At no time were DECEDENT and FRASURE committing a crime or were seen committing a crime.

23. At no time did DECEDENT and FRASURE possess a weapon.

24. Plaintiffs, FRASURE and FISHER are administrators of DECEDENT's

   Estate, as defined by Ohio Rules of Civil Procedure Rule 17 and succeeds to

   DECEDENT's interest in this action as the biological parents of DECEDENT.

25. FISHER incurred funeral and burial expenses as a result of Defendants' misconduct.

## FIRST CLAIM FOR RELIEF
### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
### (Against Defendants JONES, BATTS, and WARMACK)

26. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. JONES, BATTS and WARMACK pointed their weapons at DECEDENT and FRASURE without being threatened, no probable cause to believe DECEDENT and FRASURE committed a crime involving serious physical harm and without warning.

28. When JONES, BATTS and WARMACK pointed their weapons at DECEDENT and FRASURE they violated DECEDENT's and FRASURE'S right to be secure in their person against unreasonable searches and seizures as guaranteed to

DECEDENT and FRASURE under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. The conduct of JONES, BATTS and WARMACK was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and FRASURE and therefore warrants the imposition of exemplary and punitive damages as to JONES, BATTS and WARMACK.

30. FRASURE and FISHER bring this claim as administrator's and heirs of DECEDENT and seeks both survival and wrongful death damages for the violation of both DECEDENT's and FRASURE'S rights. Plaintiffs also seek attorney's fees and funeral and burial expenses.

## SECOND CLAIM FOR RELIEF
### Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
### (Against Defendant BATTS)

31. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32. FRASURE was outside the van, with his hands in the air and, after fatally wounding DECEDENT, BATTS pointed a 9mm semi-automatic pistol at FRASURE'S head and told FRASURE to get on the ground or he (BATTS) will shoot him (FRASURE) thereby using excessive force against FRASURE. See Exhibit A, Expert Report, page 16.

33. BATTS pointed his weapon at FRASURE without being threatened, no probable cause to believe FRASURE committed a crime involving serious physical harm and without warning.

7

34. BATTS violated FRASURE'S right to be secure in their person against unreasonable searches and seizures as guaranteed to FRASURE under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. The conduct of BATTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of FRASURE and therefore warrants the imposition of exemplary and punitive damages as to BATTS.

36. FRASURE is bringing this claim of excessive force causing mental anguish, loss of enjoyment of life and emotional distress in his individual capacity. Plaintiff also seeks attorney's fees.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)
### (Against Defendants BATTS and JONES)

37. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein. Defendants BATTS and JONES used excessive force against DECEDENT when they shot him.

38. Defendants BATTS and JONES  unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

40. The conduct of BATTS and JONES was willful, wanton, malicious, and

done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants BATTS and JONES.

41.   The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serious bodily injury at the time of the incident. Further, Defendants BATTS and JONES' use of deadly force violated their training, standard police officer training and violation of WPD Policy 300.3.6 Alternative Tactics-DE-ESCALATION and National Consensus on Use of Force. *See* Exhibit A, Expert Report, pages 12&13.

42. FRASURE and FISHER bring this claim as administrators of DECDENT's Estate and heirs of DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seeks attorney's fees. .

## **FOURTH CLAIM FOR RELIEF**

### **Municipal Liability – Ratification (42 U.S.C. § 1983)**
### **(Against Defendants CITY, BATSS, WARMACK and JONES)**

43. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as if fully set forth herein.

44.   Defendants BATTS and JONES acted under color of law;    The acts of Defendants BATTS, WARMACK and JONES deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

45. The February 3, 2023, press conference confirms, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants BATTS and JONES ratified Defendants BATTS, WARMACK and JONES acts and the

bases for them. February 3, 2023, press conference confirms a final policymaker knew of and specifically approved of Defendants BATTS, WARMACK and JONES acts.

46. Upon information and belief, a final policymaker has determined that the acts

of Defendants BATTS and JONES were "within policy."

47. By reason of the aforementioned acts and omissions, Plaintiffs have suffered

loss of the love, companionship, affection, comfort, care, society, and past and future

support of DECEDENT. The aforementioned acts and omissions also caused

DECEDENT's pain and suffering, loss of enjoyment of life, and death.

48. By reason of the aforementioned acts and omissions, Plaintiff FRASURE has

suffered mental anguish, loss of enjoyment of life and emotional distress.

49. Accordingly, Defendants CITY, BATTS, and JONES each are liable to

Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

50. Plaintiff brings this claim as administrators of DECEDENT estate, and

seeks both survival and wrongful death damages under this claim. Plaintiffs also

seeks attorney's fees under this claim. Plaintiff FRASURE brings this claim as it relates

to his excessive force claim and realleges the above.


## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### (Against Defendants CITY, BATTS, WARMACK and JONES )

51. Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1

through 50 of this Complaint with the same force and effect as if fully set forth

herein.

52. Defendants **BATTS, WARMACK and JONES** acted under color of law.

53. The acts of Defendants Batts, Warmack and Jones deprived DECEDENT and

Plaintiffs of their particular rights under the United States Constitution.

54. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

55. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

56. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants BATTS, WARMACK and JONES; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs rights as to be the moving force that caused the injuries to DECEDENT and FRASURE. On information and belief, CITY failed to train BATTS, WARMACK and JONES properly and adequately.

57. By reason of the aforementioned acts and omissions, Plaintiffs FRASURE and FISHER have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

58. By reason of the aforementioned acts and omissions, Plaintiff FRASURE has suffered mental anguish, loss of enjoyment of life and emotional distress in his individual capacity.

59. Accordingly, Defendants CITY, BATTS, and JONES each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

60. Accordingly, Defendant CITY and BATTS each are liable to Plaintiff FRASURE for compensatory damages under 42 U.S.C. § 1983.

61. Plaintiffs brings this claim as administrators of DECEDENT estate and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorney's fees under this claim.

62. Plaintiff FRAURE brings this claim individually  and seeks damages as it relates to excessive force claim.

## **SIXTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

**(Against Defendant CITY )**

63. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64. Defendants BATTS, WARMACK and JONES acted under color of law.

65. Defendants BATTS, WARMACK and JONES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY. The February 3, 2023 press conference confirms, Defendants BATTS, WARMACK and JONES were hailed as heroes for fatally shooting unarmed DECEDENT in the back and holding compliant, unarmed Frasure at gun point at the February 3, 2023 press conference, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death and pointing a gun at FRASURE'S head.

66.   Defendant CITY , inter alia, adopted the following unconstitutional customs, practices, and policies:

> (a) Using excessive force, including excessive deadly force;
>
> (b) Providing inadequate training regarding the use of deadly force;
>
> (c) Employing and retaining as police officers individuals such as Defendants BATTS, WARMACK and JONES, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;
>
> (d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants

12

BATTS, WARMACK and JONES , whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by CITY officers, Defendants BATTS, WARMACK and JONES;

(f)      Failing to adequately discipline CITY police officers, including Defendants BATTS, WARMACK and JONES DOE OFFICERS, for the above-referenced categories of misconduct, including hailing them as heroes or "slaps on the wrist," discipline that is so slight as to be out of proportion 5to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(h)  Maintaining a policy of inaction and an attitude of indifference towards excessive force and other civil rights violations, including by failing to discipline, retrain, investigate, terminate, and recommend officers

for criminal prosecution who participate in excessive force of unarmed

people.

67. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss

of the love, companionship, affection, comfort, care, society, training, guidance, and

past and future support of DECEDENT. The aforementioned acts and omissions also

caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

68. By reason of the aforementioned acts and omissions, Plaintiff FRSURE has suffered

mental anguish, loss of enjoyment of life and emotional distress due to excessive force

perpetrated by Defendants.

69. Defendants CITY together with various other officials, whether named or unnamed,

had either actual or constructive knowledge of the deficient policies, practices and

customs alleged in the paragraphs above. Despite having knowledge as stated above,

these defendants condoned, tolerated and through actions and inactions thereby ratified

such policies. Said defendants also acted with deliberate indifference to the foreseeable

effects and consequences of these policies with respect to the constitutional rights of

DECEDENT, FRASURE, Plaintiffs, and other individuals similarly situated.

70. By perpetrating, sanctioning, tolerating, and ratifying the outrageous

conduct and other wrongful acts, BATTS, WARMACK and JONES acted with

intentional, reckless, and callous disregard for the life of DECEDENT and for

DECEDENT's, FRASURE'S and Plaintiffs' constitutional rights. Furthermore, the

policies, practices, and customs implemented, maintained, and still tolerated by

Defendant CITY were affirmatively linked to and were a significantly influential force

behind the injuries of DECEDENT, FRASURE and Plaintiffs.

71. Accordingly, Defendants CITY are liable to FRASURE and Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

72. Plaintiffs bring this claim individually and as administrators of DECEDENT estate and seeks both survival and wrongful death damages under this claim. Plaintiff also seeks attorneys' fees under this claim.

73. Plaintiff FRAURE brings this claim individually and seeks damages as it relates to excessive force claim. Plaintiff also seeks attorneys' fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### (Wrongful Death)

### (Against Defendants CITY, BATTS, and JONES)

74. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75. BATTS and JONES , while working as police officers for the CITY, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times, including in the back of the head, and used unreasonable and excessive force against him. As a result of the actions of BATTS and JONES, DECEDENT suffered severe pain and suffering and ultimately died from his injuries. BATTS and JONES had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and unprivileged use of force.

76. As a direct and proximate result of the conduct of BATTS and JONES as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity. As a direct and proximate result of the conduct of BATTS and JONES alleged above, DECEDENT suffered survival damages pursuant to Ohio Revised Code Section §§ 2305.21 and 2125.

77. CITY is vicariously liable for the wrongful acts of Defendants BATTS and JONES pursuant to Ohio Revised Code § 2307, which provides that a public entity is liable for

the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78. The conduct of BATTS and JONES was malicious, wanton, oppressive,

and accomplished with a conscious disregard for the rights of Plaintiffs and

DECEDENT, entitling Plaintiffs, individually and as administrators of DECEDENT Estate, to an award of exemplary and punitive damages as to Defendants BATTS and JONES.

79. Plaintiffs bring this claim as administrators of DECEDENT'S Estate and seeks both survival and wrongful death damages under this claim.

## EIGHTH CLAIM FOR RELIEF

### Negligence

(Against all Defendants)

80. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through

79 of this Complaint with the same force and effect as if fully set forth herein.

81. Police officers, including Defendants, have a duty to use reasonable care

to prevent harm or injury to others. This duty includes using appropriate tactics, giving

appropriate commands, giving warnings, and not using any force unless necessary,

using less than lethal options, and only using deadly force as a last resort.

82. Defendants BATTS, WARMACK and JONES breached this duty of care. Upon

information and belief, the actions, and inactions of Defendants BATTS, WARMACK

and JONES were negligent and reckless, including but not limited to:

(a) the failure to properly and adequately assess the need to unholster and point

their firearms at

16

FRASURE and DECEDENT and use of force or deadly force against

DECEDENT;

(b)the negligent tactics and handling of the situation with FRASURE and

DECEDENT, including pre-shooting negligence;

(c) the negligent detention and use of force, including deadly force, against

DECEDENT;

(d) pointing a gun at FRASURE'S head and threatening to shoot him when

FRASURE is already compliant(had his hands up);

(e) the failure to properly train and supervise employees, both professional and

non-professional, including BATTS, WARMACK and JONES, and;

(f) negligent communication of information before and during the incident.

83. As a direct and proximate result of Defendants' conduct as alleged above, and other

undiscovered negligent conduct, FRASURE suffered mental anguish and emotional

distress and DECEDENT was caused to suffer severe pain and suffering and ultimately

died. Also, as a direct and proximate result of Defendants' conduct as alleged above,

Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived

of the life-long love, companionship, comfort, support, society, care, and sustenance of

DECEDENT, and will continue to be so deprived for the remainder of their natural life.

84. CITY is vicariously liable for the wrongful acts of Defendants BATTS, WARMACK

and JONES pursuant to Ohio Revised Code § 2307, which provides that a public entity is

liable for the injuries caused by its employees within the scope of the employment if the

employee's act would subject him or her to liability.

85. Plaintiffs bring this claim as administrators of DECEDENT Estate, and seeks

wrongful death damages under this claim.

86. Plaintiff FRASURE again brings this claim individually and seeks damages as it relates to excessive force claim.

## **PRAYER FOR RELIEF**

### **(Plaintiffs FRASURE and FISHER)**

WHEREFORE, Plaintiffs FRASURE and FISHER, individually and as administrators of the estate of Joe Frasure, deceased, request judgment in their favor against Defendant CITY, BATTS, WARMACK and JONES, inclusive, and as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against individual defendants in an amount to be proven at trial;

D. For statutory damages;

E. For interest;

F. For reasonable attorney fees, including litigation expenses;

G. For costs of suit, and;

H. For such further relief proper in the premises.

## **PRAYER FOR RELIEF**

### **(Plaintiff FRASURE)**

WHEREFORE, Plaintiff FRASURE, individually, request judgment in his favor against Defendant CITY, and BATTS, inclusive, and as follows:

A. For compensatory damages;

B. For punitive damages against individual defendants in an amount to be proven at

trial;

C. For interest;

D. For reasonable attorney fees, including litigation expenses;

E. For costs of suit, and;

F. For such further relief proper in the premises.


Respectfully Submitted,

Glenda A. Smith (S.ct. #70738)
P.O. Box 15353
Wyoming, Ohio 45215
(513)382-7913
(513)672-2368 Fax
gasmithlaw@yahoo.com
gasmithlaw.com